(34 Misc. Rep. 291.)

ROWLEY v. CITY OF ROCHESTER.

(Supreme Court, Special Term, Monroe County. January, 1901.)

1. MUNICIPAL CIVIL SERVICE—EMPLOYE—CLASSIFICATION—COMPETITIVE EXAMINATION—CONFIDENTIAL POSITION—CITY TREASURER—SUBORDINATE.

Under Laws 1899, c. 370, § 11, empowering the municipal civil service commission to divide employés in public offices into classes, some of which are required to undergo competitive examination, while some are exempt therefrom, and Const. art. 5, § 9, providing that appointments in the civil service shall be made according to merit and fitness, to be ascertained "as far as practicable by competitive examinations," the office of a subordinate in the city treasurer's office, whose duties are not wholly clerical, but such as require trust and confidence by his superior in his discretion and integrity, is properly a confidential position, exempt from examination, since it is not practicable to determine merit and fitness for a confidential position by competitive examination.

2. SAME—REGULATIONS—CERTIFIED PAY ROLL—MANDAMUS—CITY OFFICIAL—IRREGULAR APPOINTMENT.

Under Laws 1899, c. 370, § 19, providing that no salary shall be paid any employé in the civil service of the city unless his name appears on the pay roll certified to by the municipal civil service commission of such city, and that any person entitled to be so certified may maintain mandamus to compel the commission to issue a certificate, a person appointed in violation of the rules of the commission cannot recover his salary from the city without being certified to, though he be entitled to such certificate.

Action by Lee J. Rowley against the city of Rochester. Demurrer to complaint. Sustained.

George D. Reed, for plaintiff.
P. M. French, for defendant.

DAVY, J. This is a demurrer to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The complaint alleges that on or about the 22d day of September, 1900, the plaintiff was appointed by the treasurer of the city of Rochester a subordinate in the treasurer's office, and performed services during the balance of the month of September and all of the month of October. This action is brought to recover the sum of $95 for such services. The principal question involved in this controversy is whether the treasurer of the city of Rochester had a legal right to appoint the plaintiff to a clerkship in the treasury department contrary to the rules and regulations prescribed by the municipal civil service commission. The statute requires the civil service commission to classify the employés in the public offices for which civil service rules shall be established into four classes, to be designated as the "exempt class," the "competitive class," the "noncompetitive class," and, in cities, the "labor class." Laws 1899, c. 370, § 11. It is alleged in the complaint that the municipal civil service commission of the city of Rochester has prescribed rules for the classification of offices, places, and employments in the classified service of the city, and that in said rules the position of clerk in the treasurer's office, held by the plaintiff, is included in the competitive class. It also appears from the complaint that the duties assigned to the plaintiff in the position which he occupies are not wholly clerical,

but are acts which devolve upon the city treasurer to perform, for which he is held personally responsible to the municipality; that the plaintiff, in the performance of such duties, is required to receive and pay over large sums of money; and that he opens letters addressed to the city treasurer, some of which contain checks, drafts, and money sent by individuals to the city treasurer to pay their taxes; that many of the checks and drafts are made payable to bearer.

Section 9 of article 5 of the constitution provides that:

"Appointments and promotions in the civil service of the state and of all civil divisions thereof, including cities and villages, shall be made according to merit and fitness, to be ascertained, as far as practicable, by examination, which, so far as practicable, shall be competitive."

The effect of this provision of the constitution upon the civil service law and the rules of the civil service commission has several times been considered and construed by the court of appeals, which has held that, where the relations between the appointing officer and the appointee are confidential, the provision of the constitution requiring examination does not apply, for the reason that it would be impracticable to determine merit and fitness for such a position by a civil service examination. In Chittenden v. Wurster, 152 N. Y. 359, 46 N. E. 861, Judge Haight, in discussing this question, says:

"A candidate may be ever so competent, and still lack many of the necessary elements of a trustworthy officer. He may be ever so learned, and still lacking in judgment and discretion. He may be discreet, and still without character. He may be honest, and yet meddlesome and a person in whom you could not confide."

He also says at page 358, 152 N. Y., and page 860, 46 N. E., that:

"In order to determine whether the examination of a candidate for an office is practicable, we must first ascertain the nature and character of the duties of his position. Having ascertained the facts, the question of exemption then, doubtless, becomes one of law."

In People v. Palmer, 152 N. Y. 220, 46 N. E. 329, the court, in discussing the meaning of the word "confidential," says:

"The statute which we have under consideration has reference to officials, and the confidential relations mentioned undoubtedly have reference to official acts, and include not only those that are secret, but those that involve trust and confidence, which are personal to the appointing officer. If, therefore, the statute casts upon an officer a duty involving skill or integrity, and a liability either personal or on the part of the municipality which he represents, and he intrusts the discharge of this duty to another, their relations become confidential."

In this case the performance of the duties of the position to which the plaintiff was appointed require integrity, trust, and confidence, for whose mistakes the city treasurer is personally responsible. The position, therefore, should be treated as confidential, and placed in the exempt class. It would be unjust to hold the city treasurer responsible for the acts of a clerk who has the handling of the public money, when he had no choice in his selection, and from whom he could not demand a bond or other security. It is urged that the civil service commission has placed the position which the plaintiff holds in the list where competitive examinations are required, and therefore the position cannot be treated or regarded as confidential.

I am inclined to think that the civil service commission has no power to declare a position to be competitive, when the law declares it to be of a strictly confidential character. As stated by Judge Martin in People v. Lyman, 157 N. Y. 387, 52 N. E. 139:

"It is, however, said that the civil service commission has placed the position of special agent in the list where competitive examinations are required, and hence the position cannot be regarded as confidential. Surely the civil service commission cannot change the actual status of a position by declaring one which is actually confidential not to be so; nor is it vested with power to repeal a valid statute, or to practically annul it by declaring a position to be competitive, when the law has provided otherwise, and the position is plainly of a strictly confidential character."

Assuming that the position held by the plaintiff should have been placed in the exempt class, and that the plaintiff was not required to pass a civil service examination, the question is whether he can maintain this action to recover his salary, when he has not been legally appointed. Under the civil service law the plaintiff is not entitled to recover his salary until the pay roll is certified by the municipal civil service commission. The language of this act is:

"It shall be unlawful for the comptroller or other fiscal officer of the state, or any city or civil division thereof, for which civil service rules have been prescribed pursuant to this act, to draw, sign or issue, or authorize the drawing, signing, or issuing of any warrant on the treasurer or other disbursing officer of the state, or such city or civil division thereof, for the payment of, or for the treasurer or other disbursing officer of the state, or of such city or civil division thereof, to pay any salary or compensation to any officer, clerk or other person in the classified service of the state, or of such city or civil division thereof, unless an estimate, payroll or account for such salary or compensation, containing the names of the persons to be paid, shall bear the certificate of the state civil service commission, or in case of the service of a city, the certificate of the municipal civil service commission of such city, that the persons named in such estimate, payroll or account have been appointed or employed or promoted in pursuance of law and of the rules made in pursuance of law."

The act further provides that any officer, clerk, or other person entitled to be certified by said commission may maintain proceedings by mandamus to compel such commission to issue such a certificate. The act also prohibits the payment of salaries to appointees and employés in the various departments of the city government who have been appointed contrary to the provisions of the law and the civil service rules made in pursuance thereof, and the treasurer or disbursing officer of the municipality is made personally liable for all sums of money paid to such appointees or employés on account of salary. Laws 1899, c. 370, § 19. It seems to me that the intent of the legislature, as expressed in this act, is that all appointments must be made in conformity to the rules adopted by the civil service commission, and as long as the rules remain in force an appointment in violation thereof is illegal and void. Section 6 provides that the rules prescribed by the state and municipal commissions pursuant to the provisions of said act shall have the force and effect of law. The position which the plaintiff holds cannot be deemed to be in the exempt class, because it is not named in that class in the rules adopted by the municipal civil service commission. The statute expressly provides that no office or position shall be

deemed to be in the exempt class unless it is specifically named in such class in the rules. Laws 1899, c. 370, § 12. The power, therefore, of determining whether or not the position shall be placed in the exempt class, has been given by the legislature to the civil service commission. The law further provides that no person shall be appointed to or employed in any position in the classified service of the state, or of the city or civil division thereof, for which rules have been prescribed pursuant to the provisions of this act, until he has passed an examination, or is shown to be exempt from such examination, in conformity with such rules and the provisions of this act. Civil Service Law, § 18. I must assume that the municipal civil service commission, in determining what positions should be placed in the exempt class, acted conscientiously, and that the members exercised their best judgment in making the classifications; and if they have made a mistake, and placed the position occupied by the plaintiff in the wrong class, their error is subject to review and correction by the courts; but, until it is judicially determined that their classification is erroneous, the decision of the commission must be respected. The error did not justify the city treasurer in making the appointment contrary to the rules and regulations for appointments in the civil service. If the position belongs in the exempt class, the city treasurer may, by mandamus, compel the commission to place it there, and when that is done the plaintiff can be legally appointed without passing a civil service examination. He can then have his name placed on the pay rolls and certified to as is required by the civil service law, and draw his pay from the proper disbursing officer of the city.

In my judgment, the facts alleged in the complaint do not constitute a cause of action. The demurrer, therefore, must be sustained.